BLANCHARD, J.
The receiver of the metropolitan police board, who is operating under orders of court made and had in the cause whose caption or title heads this opinion (see 106 La. 470, 31 South. 55), brought the present proceeding by rule against the board of liquidation of the city debt, to collect from the latter the sum of $4,115.90.
This sum is claimed under the following circumstances, to-wit:—
That between July 23, 1890, and December 31, 1901, the treasurer of the city of New Orleans paid over to the board of liquidation certain moneys which had been derived by collections on account of the tax known as the “Metropolitan Police Tax,” which had been levied for the years 1868 to 1878, inclusive.
That the board of liquidation was without authority to receive and have and hold, or disburse, the avails of the metropolitan police tax, and whatever funds it received from that source was money had without authority and the same should be returned to the city treasurer where it would be, intended by law, subject to administration and disbursement by the receiver of the metropolitan police board in settlement of debts due by the said board.
The amount sued for is made up oí res collected as aforesaid, with interest on same.
The board of liquidation candidly admits that if, among the moneys paid over to it by *695 the city treasurer during the time mentioned, any part of same was derived from the metropolitan police taxes, then it was not entitled to receive such part and owes its return to the city treasurer. But it denies that it • received any funds derived from that source.
Thus an issue of fact is raised.
The court a qua thought the plaintiff had made out his case and rendered judgment directing the hoard of liquidation to return to the city treasurer the sum of $4,115.90.
The hoard appeals.
Ruling — The evidence consists (1) of a detailed statement and memorandum made from the hooks of the city comptroller’s office by F. C. Font, one of the clerks in that office, showing payments made by the city of New Orleans to the board of liquidation during certain years; (2) a printed copy of the city comptroller’s report made in 1891, embracing a detailed statement of the receipts and expenditures of the city of New Orleans from January 1, 1891, to June 30, 1891; and (3) the testimony of F. C. Font, clerk aforesaid, explanatory of the statements mentioned.
We think the evidence suffices to establish with reasonable certainty that the board of liquidation did receive, of moneys pertaining to the metropolitan police tax fund, the sum of $2,291.22, but that it falls just short of establishing, with that degree of certainty warranting judgment, the receipt by the board of the other $1,824.68 — necessary to make up the $4,115.90 herein sued for.
Thus, one of the questions asked Mr. Font was:—
“What is the total amount of the metropolitan police tax collected by the board of liquidation for the time that you made it out (meaning the statement he submitted)”?
To which he answered:—
“The total amount is $2,291.22, plus certain other amounts not exactly determined, but which approximate a total of $4,115.90.”
This is sufficient as to the amount determined and fixed with certainty by him, viz.: —$2,291.22; but hardly so as to the other indeterminate sums necessary to increase the indebtedness to $4,115.90. As to this other sum, he was not certain; the amounts going to make up same he had not exactly determined. There is quite too much of conjecture here.
It is ordered that the judgment appealed from be amended by reducing same from four thousand, one hundred and fifteen and 90/ioo dollars to two thousand, two hundred and ninety-one and 22/ioo dollars.
It is further ordered that as to the demand herein of the plaintiff in rule for a sum in excess of two thousand, two hundred and ninety-one dollars, the same be dismissed as in case of non-suit — costs of the lower court to be borne by defendant in rule; those of appeal by the plaintiff in rule.